## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE OF FLORIDA
## ORLANDO DIVISION

MIGUEL FRANCISCO
CAMACHO-CHARLEMAN,

        Plaintiff,               Case No: _____

        v.

ANDREW JOHNSON (badge #862),
Kissimmee Police Officer, in his individual
capacity AND B.M. BROWN (badge # 869),
Kissimmee Police Officer, in his
individual capacity

        Defendant.
_____/

## **COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

      COMES NOW**,** the Plaintiff, MIGUEL FRANCISCO CAMACHO-CHARLEMAN, (hereinafter "Camacho-Charleman", "Mr. Camacho-Charleman" or "Plaintiff")**,** by and through his undersigned counsel, brings this action against Defendant, Andrew Johnson (hereinafter "Johnson" or "Defendant") in his individual capacity, and against B.M. Brown, in her individual capacity, and herein requests judgment from, this Court declaring unconstitutional and unlawful certain actions of Defendants, which resulted in Plaintiff being deprived of his constitutional rights

1

guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as well as his rights under Florida Law; and seeks damages from Defendants as compensation for an award of attorney's fees as authorized by law all reasonable costs of bringing this action, and for any other and further relief that this Court deems just and proper. Plaintiff also seeks damages in the form of punitive damages to deter the Defendants from committing future violations.  Plaintiff, by and through the undersigned counsel, alleges as follows:

1.      This is an action brought for the unlawful deprivation of rights as afforded to Plaintiff, MIGUEL FRANSCISCO CAMACHO-CHARLEMAN, by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution of the United States of America, and the laws of the State of Florida. Pendent State Law claims are added as there is a common nucleus of facts

## PARTIES

2.      At all times material hereto, Plaintiff was over the age of eighteen and resided in the state of Florida and resided within the federal middle district of Florida.

3.      At all times material hereto, Defendants, being sued in their individual capacity as an agents of Kissimmee Police Department, are law enforcement officers employed by the Kissimmee Police Department, which is a department of the City of Kissimmee, Florida. All acts alleged herein were committed during Johnson's and Brown's employment with the Kissimmee Police Department.

## VENUE AND JURISDICTION

4.      This is a civil action for damages within the original jurisdiction of the Court brought pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4), and within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

5.      The events giving rise to this Complaint occurred or originated in Osceola County, Florida.

6.      This is an action for money damages for the injuries suffered by Plaintiff as a result of Defendants' conduct that violated the Plaintiff's civil rights, constitutional rights, and the laws of the state of Florida.

7.      This is an action brought pursuant to *42 U.S.C. §1983*, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory …subjects or causes to be subjected any citizen  of the United States or other persons within the jurisdiction thereof to the deprivation of any rights privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

8.       In addition, pursuant to *§768.28(6)(a) Florida Statutes*, Plaintiff has notified the Defendants of this his claims six months or more prior to the filing of this action and said claims were not resolved. Plaintiff has fully complied with *§768.28(6)(a),*

including providing notice and service, if applicable, to the Florida Department of Financials Services.

9.     All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

10.     This Court has jurisdiction over the federal claims pursuant to *28 U.S.C. §§ 1331 and 1343*. Supplemental jurisdiction is invoked over the state law claims under *28 U.S.C. § 1367*.

11.     Venue is proper in this District pursuant to *28 U.S.C. § 1391(b)*, where the events giving rise to the claims occurred within the Middle District of Florida.

## GENERAL FACTUAL ALLEGATIONS

12.     On or about November 25, 2020, Defendant B.M. BROWN (869) responded to the intersection of John Young Parkway and Emmett Street in Kissimmee, Florida, where a vehicle collision had occurred.  The plaintiff's vehicle collided with that of another driver causing disabling damage to both vehicles.

13.     Based on conflicting stories as to how the accident occurred, Defendant BROWN did not complete her accident investigation and waited for traffic camera footage before making any conclusion as to which driver was "at fault".

14.     The collision caused Mr. Camacho-Charleman's air bag to deploy, causing irritation and redness to his face and eyes and well as noticeable abrasions to his arms. The powder from the airbag also caused his eyes to water.

15.    Defendant Brown had an unfounded concern that Mr. Camacho-Charleman might possibly be under the influence of alcohol.  Based on this mere unfounded suspicion, Brown radioed for backup, and Defendant Andrew Johnson responded to the call.

16.    Brown did not note that Mr. Camacho-Charleman had any trouble communicating during the crash investigation, (i.e. responding to questions, no mumbling, slurring or slow speech).

17.    Brown did not note that Mr. Camacho-Charleman had any balance issue, although being struck by the air bag (i.e., no stumbling, falling or staggering) and most importantly, BROWN didn't note that she smelled alcohol on defendant.

18.    Brown kept Mr. Camacho-Charleman at the scene of the accident for more than thirty minutes while Defendant JOHNSON was enroute.

19.    Brown conducted the crash investigation which concluded approximately 8:43 pm.  However the DUI investigation did not commence until approximately 9:10 p.m. when Officer Johnson requested Mr. Miguel Camacho-Charleman perform field sobriety exercises (FSE's).

20.    Defendant Brown did nothing to commence a DUI investigation during the unreasonable delay time, thus violating the Fourth Amendment.

21.    Once on the scene, Defendant Johnson asked Mr. Camacho-Charleman   to voluntarily perform FSE's and PLAINTIFF complied.

22.    Mr. Camacho-Charleman  performed well on FSE's to the extent that there did not exist probable cause or arguable probable cause to arrest for a DUI.

23.    Nevertheless, DEFENDANT Johnson requested Mr. Miguel Camacho-Charleman submit to a breath-alcohol test, to which Mr. Camacho-Charleman agreed. However, due to an "agency policy, Mr. Camacho-Charleman was taken to the hospital first for a covid rapid test" and possibly to be double checked for any injuries, although he declined medical treatment at the scene of the accident.

24.    At the hospital, DEFENDANT Johnson unlawfully, and in violation of ***Fla. Stat. § 316.1932***, asked that Mr. Miguel Camacho-Charleman submit to a blood test. Being confused as to why he was not being requested to perform a "breath test" that he had previously agreed to, he asked Officer A. Johnson a few questions about that issue.

25.    DEFENDANT Johnson told Mr. Miguel Camacho-Charleman that if he did not consent to a blood-draw that his driver's license would be suspended for 1 year.  Mr. Miguel Camacho-Charleman again attempted to gain clarification regarding the blood draw request at which time Officer A. Johnson stated that he was "treating it as a refusal".  Mr. Camacho-Charleman was released within 30 minutes of having been asked to submit to a blood test and it was practical for Johnson to administer the Breath Test at the testing center.

26.    Plaintiff could only be required to submit to a blood draw "if there is reasonable cause to believe the person was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages or chemical or controlled substances and the person *appears for treatment at a hospital, clinic, or other medical facility and the administration of a breath or urine test is impractical or impossible*".  ***See Fla. Stat. § 316.1932(1)(c).***

27.    In order to justify the arrest, DEFENDANT Johnson intentionally lied about the Plaintiff's performance on the FSE's.  The Body Worn Camera (BWC) footage does not support Johnson's recited facts in his sworn DUI Charging Affidavit.

28.    Johnson's untruthfulness in this arrest affidavit is consistent with Kissimmee Police Department's policies and procedures, to wit: say whatever you have to in order to support your arrest, without any regard for the actual truth.

29.    Recently, as many as eleven police officer, including the then Deputy Chief, Camille Alicea, have been placed under investigation for intentionally lying or intentionally omitting facts from official reports/testimony.  See https://www.fox35orlando.com/news/officer-indicted-after-investigation-kissimmee-police-department-according-state-attorney-andrew-bain

30.    Although Mr. Camacho-Charleman agreed to take a breath test, Johnson intentionally and willfully alleged that Mr. Camacho-Charleman refused to submit to

a lawful request, knowing that it was unlawful to request a blood draw and that Plaintiff had actually agreed to take a breath test and a blood draw.

31.    Even after being asked to submit to an "unlawful" blood draw, Johnson notes in his narrative that Plaintiff told him to "go ahead and take his blood" if Johnson believed it was lawful to do so.  Johnson still considered Plaintiff's clear agreement to both the lawful breath test and the unlawful blood test to be a "refusal".

32.    This caused Mr. Camacho-Charleman  to have his driver's license immediately suspended by the Florida Department of Highway Safety and Motor Vehicles (DHSMV).

33.    Johnson's intentional and false allegations and the issuance of a Uniform Traffic Citation caused the Clerk of Court to open 2020 CT 003165 (DUI) and the case to prosecuted.

34.    On February 19, 2021, the DHSMV reinstated Mr. Camacho-Charleman driving privileges after a Formal Review Hearing, citing "that there is insufficient evidence to support the suspension because of conflicting evidence or discrepancies".

35.    Also on February 17, 2021, the State of Florida filed a "Nolle Prosequi" dropping the charges where Plaintiff's Counsel had two dispositive motions set for hearing.

36.     Defendant's unlawful arrest caused the Plaintiff to be searched without a warrant or an exception to the warrant requirement where Mr. Camacho-Charleman was not lawfully arrested.

37.     Plaintiff was forced to hire defense counsel to represent him for the DUI as well as the DMV formal review hearing.

38.     Due to the Defendant's unlawful actions, Plaintiff must hire a lawyer in the future to expunge his record.

39.     Defendants' actions violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including the rights to be free from (i) unreasonable detention/delay, (ii) unreasonable search and seizure; and (iii) false arrest.

40.     Furthermore, Defendant's conduct constituted violations of Florida state law, specifically false arrest, invasion of privacy, and conversion.


**GENERAL ALLEGATIONS RELATING TO
CIVIL RIGHTS VIOLATIONS**

41.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: the right to be free from (i) unreasonable

detention/delay, (ii) unreasonable search and seizure; (iii) taking or deprivation of property and liberty absent "Due Process" and (iv) arrested absent probable cause.

42.    In violating Plaintiffs' rights as set forth above, Defendants acted under color of state law and conducted an unauthorized, warrantless illegal seizure/detention of Plaintiff for an unreasonable amount of time to perform a DUI investigation.

43.    The illegal detention physically conducted by Defendant BROWN set into motion the chain of events that led to Plaintiff being unlawfully searched at the Osceola County Jail, being unlawfully arrested and having Plaintiff's driving privileges being unlawfully suspended.

44.    As a direct and proximate result of the violation of plaintiff's constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

45.    The conduct of Defendants Johnson and Brown was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.


[Remainder of Page Blank For Formatting Purposes]

<u>COUNT I:</u>
<u>FALSE STATEMENT ON AN AFFIDAVIT LEADING TO AN</u>
<u>UNLAWFUL SUSPENSION OF DRIVING PRIVILEGES</u>
<u>(DUE PROCESS VIOLATION)</u>
(Plaintiff claim Against Defendant, JOHNSON)

46.    Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47.    JOHNSON's actions of making false statements in his DUI Charging Affidavit and other reports, deprived Plaintiff of his FIFTH and Fourteenth Amendments to the United States Constitution to be free deprivation of life, liberty, or property without due process of law.

48.    JOHNSON also deliberately and intentionally misrepresented to the Plaintiff that he had to submit to blood draw, knowing that none of the requisites under *Fla. Stat. § 316.1932* existed to lawfully request Plaintiff to submit to a blood draw.

49.    DEFENDANT's affidavit contains materially false statements and omissions that were knowingly and recklessly made in an effort to fabricate probable cause for a DUI REFUSAL, which caused Plaintiff to have his driver's license suspended. Specifically, Johnson alleged a "refusal" knowing that: (1) Plaintiff had agreed to a breath test and Johnson failed to administer it and (2) the request to submit to a blood draw was unlawful, and Plaintiff had a right to refuse to submit.

50.     As a direct and proximate result of Defendant's false statements or omissions, Plaintiff's driving privileges were suspended, and his physical driver's license taken away from him without due process.

51.     Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant Johnson a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant Johnson in his individual capacity, and to award Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws. Further, Plaintiff requests punitive damages against Defendant Johnson, individually, for his conduct, which would deter him and others from such conduct in the future.

## COUNT II:
## FALSE STATEMENT ON AN AFFIDAVIT LEADING TO AN UNLAWFUL SEARCH INCIDENT TO ARREST
(Plaintiff claim Against Defendant, JOHNSON)

52.     Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

53.     JOHNSON's actions of making false statements in his DUI Charging Affidavit, deprived Plaintiff of his Fourth and Fourteenth Amendments to the United States Constitution to be free from a search absent probable cause.

54.    JOHNSON also deliberately and intentionally misrepresented to the Plaintiff that he had to submit to blood draw, knowing that none of the requisites under *Fla. Stat. § 316.1932* existed to lawfully request Plaintiff to submit to a blood draw.

55.    DEFENDANT's affidavits contains materially false statements and omissions that were knowingly and recklessly made in an effort to fabricate probable cause to arrest, which caused Plaintiff to be unlawfully searched incident to an "unlawful' arrest.

56.    Specifically, JOHNSON made false sworn statements as to Plaintiff's performance on the FSE's that are not supported by the objective evidence contained on the BWC footage and is contrary to Mr. Camacho-Charleman actual performance.

57.    As a direct and proximate result of Defendant's false statements or omissions, Plaintiff was searched by the Defendant and searched by Osceola County Jail officials, without a warrant or an exception to the warrant requirement.

58.    Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant Johnson a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant Johnson, in his individual capacity, and to award Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws. Further,

Plaintiff requests punitive damages against Defendant Johnson, individually, for his conduct, which would deter him and others from such conduct in the future.

### COUNT III:
### VIOLATION OF 42 U.S.C. § 1983 – ARREST
### WITHOUT PROBABLE CAUSE
(Plaintiff claim Against Defendant, JOHNSON)

59.    Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

60.    Defendant's actions in arresting Plaintiff without probable cause violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

61.    Plaintiff has the right under the United States Constitution to be secure from unlawful arrest under the Fourth and Fourteenth Amendments to the United States Constitution.

62.    JOHNSON signed and submitted a sworn DUI Charging Affidavit for the arrest of Plaintiff.

63.    The affidavit contained materially false statements and omissions that were knowingly and recklessly made by Johnson and were done in an effort to fabricate probable cause to search and arrest.

64.    These false statements or omissions were material to probable cause that a crime had been committed which was the basis of the Plaintiff's arrest.

65.    Johnson alleges in his incident/investigation report that Plaintiff performed unsatisfactorily in the "walk and turn", "one leg stand", "finger to nose" and "modified Romber Balance" when Plaintiff actually performed satisfactorily, to the extent that there was insufficient facts to arrest Plaintiff for the suspicion of operating a motor vehicle while impaired.

66.    The arrest affidavit and incident/investigation report contained blatant lies. There was no probable cause or arguable probable cause to arrest Mr. Camacho-Charleman.

67.    As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, future hiring of counsel to expunge his record, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

68.    Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant Johnson a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant Johnson, in his individual capacity, and to award Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws. Further,

Plaintiff requests punitive damages against Defendant Johnson, individually, for his conduct, which would deter him and others from such conduct in the future.

## COUNT IV

## VIOLATION OF 42 U.S.C. § 1983 – UNREASONABLE DENTENTION/DELAY
(Plaintiff claim Against Defendant, BROWN)

69.    Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

70.    Defendant's actions in detaining Plaintiff for more than thirty minutes after the crash investigation had concluded, in order to allow Defendant Johnson to conduct a DUI investigation was an "unreasonable delay" that violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

71.    Plaintiff has the right under the United States Constitution to not be unreasonably detained by one acting under color of law.

72.    A suspected DUI suspect can only be detained for a reasonable amount of time for another officer to come to the scene to conduct a DUI investigation.

73.    A traffic stop's tolerable duration becomes intolerable "if it is prolonged beyond the time reasonably required to complete the[e] mission" of issuing a traffic citation. *Illinois v. Caballes*, 543 U.S. 405, 407, 125 S. Ct. 843 (2005)

74.    Detaining a person for more than thirty minutes without commencing a DUI investigation violates the Fourth Amendment of the United States Constitution.

75.    As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, hiring of counsel for defense of the charge, future hiring of counsel to expunge his record, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

76.    Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant BROWN a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant Brown, in her individual capacity, and to award Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.

## STATE TORT CLAIMS

### COUNT V
### COUNT V: INVASION OF PRIVACY
(Plaintiff claim Against Defendant, JOHNSON)

77.    Plaintiff incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

78.    Defendant's actions in making materially false statements to support an otherwise unlawful arrested, and searching PLAINTIFF and causing client to be searched at the Osceola County Jail, constituted an invasion of Plaintiff's privacy under Florida state law.

79.    Johnson intentionally and maliciously intruded into Mr. Camacho-Charleman persons in searching him multiple times (before leaving the scene of the incident and before leaving the hospital), without just cause to do so.

80.    Johnson intentionally and maliciously intruded into Mr. Camacho-Charleman persons in causing Mr. Camacho-Charleman   to be searched upon booking Plaintiff at Osceola County Jail, without just cause to do so.

81.    The Plaintiff had a privacy interest in his own body.

82.    The search was offensive to a reasonable person where it was based on knowing and malicious fabricated facts as well as an attempt to force Plaintiff to submit to an unlawful request for a blood draw.

83.    As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT VI
## FALSE IMPRISONMENT/FALSE ARREST UNDER
## FLORDA STATUTE § 787.02(2)
(Plaintiff's claim Against Defendant, Johnson)

84.   Plaintiff incorporates by reference paragraphs 1 through 40, as if fully set forth herein.

85.   Defendant's actions constituted false imprisonment and were a violation of Fla. Stat. §§ 901.15 and 901.151.

86.   No probable cause existed for the arrest of Plaintiff and no arrest warrant was outstanding.

87.   The arrest affidavit and incident report authored by Johnson was comprised of materially false statements made in an effort to fabricate probable caused to arrest. For instance, Mr. Camacho-Charleman never refused a lawful request for the breath test, and never did not refuse to submit to the "unlawful" request for a blood draw.

88.   Defendant Johnson maliciously included false and misleading facts to cause Plaintiff to be arrested where no probable cause existed for his arrest. For instance, Defendant Johnson makes false claims as to Mr. Camacho-Charleman's performance

on FSE's where his assessment is contrary to what actually occurred and contrary to what is captured on BWC footage.

89.    That the criminal proceeding based upon the arrest was terminated in the PLAINTIFF'S favor, where the Office of the State Attorney filed a "nolle prosequi" on February 17, 2021.  Equally, the DHSMV entered an order on February 19, 2021 reinstating Plaintiff's driver's license.

90.    That there was an absence of probable cause for the initiation of criminal charges against the PLAINTIFF and no probable cause could be found but for the false statements made by DEFENDANT.

91.    PLAINTIFF avers that JOHNSON breached a duty of care owed to him, so as not to deprive him of his personal liberty, by intentionally causing the Plaintiff to be unlawfully arrested without probable cause in violation of Fla. Stat. §§ 901.15 and 901.151.

92.    PLAINTIFF avers that the DEFENDANT Johnson is liable to him for false arrest

93.    As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

<u>**COUNT VII**</u>
<u>**CONVERSION**</u>
(Against Defendant JOHNSON)

94.    Plaintiff incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

95.    Prior to Mr. Camacho-Charleman's encounter with Defendant Johnson on November 25, 2020, he was in possession of a valid Florida's drivers' license.

96.    Johnson intentionally and maliciously interfered with Plaintiff's right to possess the driver's license and have an unsuspended driving privilege, by physically taking possession of the physical license and by issuing a DUI refusal citation, without just cause to do so.

97.    Johnson intentionally, maliciously, and wrongfully interfered with Plaintiff's right to possess his driver's license.

98.    The Plaintiff was without the right to drive without any restriction until February 19, 2021.  The Plaintiff was deprived of his physical driver's license un this date.

99.    As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest,

hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury of all issues so triable.

Dated this 25th day of November, 2024.

**Haynes Law, P.A.**

 /s/ *Carlus Haynes*

**CARLUS HAYNES, ESQUIRE**
*LEAD COUNSEL*
Florida Bar Number: 0935611
champ@fighting4ulaw.com

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 12th day of November, 2024, I electronically filed the foregoing (22 pg. excluding certificate of service) Complaint with the Clerk of the District Court, Middle District of Florida, by using the CM/ECF system (which will send notice of electronic filing) and I provided a courtesy copy of the complaint to Olga Sanchez de Fuentes, City Attorney for the City of Kissimmee (Olga.SanchezdeFuentes@Kissimmee.gov), and will cause to have the complaint and summons served on the Defendants in due course.

**Haynes Law, P.A.**

/s/ *Carlus L. Haynes*

**CARLUS L. HAYNES, ESQUIRE**
Florida Bar Number: 0935611
8615 Commodity Circle, Unit 6
Orlando, FL 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
champ@fighting4ulaw.com
Attorney for PLAINTIFF